1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EUGENIA A. PREE,                                No.  2:14-cv-1955 DAD P

12                   Plaintiff,

13          v.                                       ORDER

14   C/O CAMPBELL et al.,

15                   Defendants.

16

17          Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19   1915.  This action was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26   the appropriate agency to collect the initial partial filing fee from plaintiff's county jail trust

27   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for

28   monthly payments of twenty percent of the preceding month's income credited to plaintiff's

1

1  county jail account.  These payments will be forwarded by the appropriate agency to the Clerk of

2  the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

3  full.  28 U.S.C. § 1915(b)(2).

4  **SCREENING REQUIREMENT**

5  The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

7  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

8  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

10 U.S.C. § 1915A(b)(1) & (2).

11 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989); Franklin, 745 F.2d at 1227.

18 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22 However, in order to survive dismissal for failure to state a claim a complaint must contain more

23 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

25 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

26 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

27 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

28 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified Correctional Officer Campbell and the Solano County Jail Medical Staff as the defendants in this action.  In her complaint plaintiff alleges that she experienced some sort of allergic reaction, perhaps to ingredients in a cake her cellmate made.  Plaintiff alleges that she was itching all over and felt her throat swelling up.  She alleges that she sought medical attention at the Solano County Jail where she incarcerated by pushing the emergency button, but when a nurse arrived she never examined or helped plaintiff.  Plaintiff also alleges that defendant Campbell did not help her and instead made a sarcastic remark in response to plaintiff's medical complaint.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 3 & Attachs.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, she must allege facts demonstrating how the conditions complained of resulted in a deprivation of her federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

Plaintiff's complaint suffers from a number of additional deficiencies.  First, the Solano County Jail Medical Staff is not a proper defendant in this § 1983 action.  Plaintiff is advised that in any amended complaint she elects to file she will need to identify the defendants by their first and last name to ensure proper service of process in the event she is able to allege a cognizable claim.

Moreover, if plaintiff wishes to proceed in this action on an Eighth Amendment claim for inadequate medical care, she is advised that the United States Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under §

4

1983 unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

In any amended complaint, plaintiff will need to allege facts demonstrating how each named defendant's actions rose to the level of "deliberate indifference." Plaintiff is advised that mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

In addition, before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.").

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, however, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

1    Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

2  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3  complaint be complete in itself without reference to any prior pleading.  This is because, as a

4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6  longer serves any function in the case.  Therefore, in any amended complaint plaintiff elects to

7  file, as in an original complaint, each claim and the involvement of each defendant must be

8  sufficiently alleged.

9                                          **CONCLUSION**

10    Accordingly, IT IS HEREBY ORDERED that:

11    1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

12    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

13  shall be collected and paid in accordance with this court's order to the Sheriff of Solano County

14  filed concurrently herewith.

15    3.  Plaintiff's complaint is dismissed.

16    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

17  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19  assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

20  complaint in accordance with this order will result in a recommendation that this action be

21  dismissed without prejudice.

22    5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

23  rights action.

24   Dated:  March 14, 2015

25

26                                    _____

    DAD:9                            DALE A. DROZD
27   pree1955.14a                    UNITED STATES MAGISTRATE JUDGE

28

                                          6